UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS D. VAUGHN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:13-CV-452 (CEJ) |
| ) | |
| TERRY RUSSELL, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court on the petition of Demetrius Vaughn for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.  **Procedural Background**

Petitioner Demetrius Vaughn is presently incarcerated at the Eastern Reception Diagnostic and Correctional Center pursuant to the sentence and judgment of the 22nd Judicial Circuit Court (St. Louis City). Petitioner was charged with robbery first degree and armed criminal action. On October 15, 2009, a jury found petitioner guilty of first-degree robbery, but acquitted him of the armed criminal action charge. Petitioner was sentenced as a prior and persistent offender to twenty-five years of imprisonment. Judgment, Resp. Ex. 1 at 142-44. Petitioner appealed the judgment and, on December 28, 2010, the Missouri Court of Appeals affirmed. State v. Vaughn, No. ED93945 (Mo. Ct. App. Dec. 28, 2010), Resp. Ex. 3.

Petitioner filed a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which the post-conviction court denied without holding

an evidentiary hearing. On June 12, 2012, the Missouri Court of Appeals affirmed the denial of post-conviction relief. Vaughn v. State, No. ED97196 (Mo. Ct. App. June 12, 2012) Resp. Ex. 6. On March 3, 2013, petitioner timely filed this petition for relief pursuant to 28 U.S.C. § 2254.

## II. Factual Background

On October 10, 2005, petitioner and Ronald Duff entered the offices of Missouri Title and Loan in St. Louis. Employee Angelo Washington was working with a customer at the counter. He spoke briefly to the two men, saying he would be with them shortly, but neither man responded. Petitioner leaned against the counter with only his left hand visible, and Duff walked behind the counter, saying, "I used to work here." When Mr. Washington turned toward Duff, he heard a noise from behind him that sounded like a gun cocking. Petitioner said, "Don't be stupid." Even though he did not see a gun and petitioner did not make any reference to a gun, Mr. Washington believed that petitioner was holding a gun in his right hand and that he "meant business." Petitioner testified at trial that the "don't be stupid" comment was directed to Duff, not Washington. Duff opened the cash register and removed about $600 in cash, and he and petitioner left the building.

Additional facts will be included as necessary to address petitioner's claims.

## III. Legal Standard

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

To preserve a claim for relief, "a habeas petitioner must have raised both the factual and legal bases" of his claim to the state court, and afforded that court a fair opportunity to review its merits. Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (citations omitted). Where a claim is defaulted, a federal habeas court will consider it only if the petitioner can establish either cause for the default and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. Id. To establish "cause" for the default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis omitted).

### IV. Discussion

**Ground 1: Sufficiency of the Evidence**

Petitioner asserts that there was insufficient evidence to sustain a conviction for first-degree robbery because there was no evidence that he displayed or threatened the use of a deadly weapon.

In reviewing the sufficiency of the evidence to support a criminal conviction, the court asks whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In applying this standard, the scope of review "is

4

extremely limited. . . . We must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and we must defer to that resolution." Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003) (citations omitted). "[I]t is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." On habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Cavazos v. Smith, 132 S. Ct. 2, 4 (2011) (citations omitted).

Under Missouri law, a person commits the crime of first-degree robbery when "he forcibly steals property and in the course thereof he, or another participant in the crime, . . . [u]ses or threatens the immediate use of a dangerous instrument against any person." Mo. Rev. Stat. § 569.020. "What is distinctive about the crime of robbery is the taking of the property of another by violence or by putting the victim in fear." State v. Simrin, 384 S.W.3d 713, 719 (Mo. Ct. App. 2012) (internal quotation and citation omitted). "Robbery in the first degree may be found where the victim is in fear even though there was no real possibility of injury." State v. Belton, 949 S.W.2d 189, 192 (Mo. Ct. App. 1997) (citation omitted). "The fact that a victim perceives there to be a weapon that remains unseen is sufficient whether or not, in fact, such a weapon exists." Id. at 192-93 (citation omitted). "Whether or not the object that is perceived as a deadly weapon or dangerous instrument is in fact capable of producing harm is unimportant." Simrin, 384 S.W.3d at 719 (Mo. Ct. App. 2012) (citation omitted). A conviction for first-degree robbery will be sustained even though the defendant did not directly threaten or display a dangerous

5

instrument to the victim so long as "there was evidence from which the fact finder could reasonably conclude that the victim believed that the defendant was threatening its use." Lewis v. State, 24 S.W.3d 140, 144 (Mo. Ct. App. 2000).

In this case, petitioner's hand was out of sight and no gun was visible, but Mr. Washington heard a clicking noise that sounded like a gun being cocked and he thought petitioner "meant business." The Missouri Court of Appeals determined that this evidence, coupled with petitioner's words, "Don't be stupid," and Duff's actions in taking money from the cash register, "was sufficient evidence to instill fear in Washington," and a rational jury "could infer that [petitioner] was threatening Washington not to resist as he and Duff robbed the store." State v. Vaughn at 8. Petitioner has failed to state a claim for relief and his first ground will be denied.

### Ground 2: Violation of Interstate Agreement on Detainers

Under the Interstate Agreement on Detainers (IAD), an accused is to be brought to trial within 180 days of a properly-filed request for a disposition of detainers. Mo.Rev.Stat. § 217.490. Petitioner contends that the state courts erred in denying his motion to dismiss for violation of the IAD.

While petitioner was awaiting trial on the charges in the underlying Missouri case and in another state case,[1] he pleaded guilty to a felon-in-possession charge in a federal district court. On August 21, 2008, he was sentenced to 30 months' imprisonment, which he served in a federal penitentiary in Kentucky.

On February 6, 2009, defense counsel in the Missouri case filed a motion to dismiss for violation of petitioner's right to speedy trial or, in the alternative, a

---

[1]Petitioner was also awaiting disposition of state charges for possession of heroin, possession of cocaine base, possession of drug paraphernalia, and driving while license suspended or revoked. See Resp. Ex. 1 at 77.

demand for a speedy trial pursuant to the Uniform Mandatory Disposition of Detainers Law (UMDDLA). Resp. Ex. 1 at 47-48. On March 11, 2009, petitioner filed *pro se* motions for speedy trial and for disposition of detainers. Docket Entry, Resp. Ex. 1 at 9; Transcript, Resp. Ex. 1 at 83-97. On July 21, 2009,[2] the state submitted a request to the Federal Bureau of Prisons pursuant to the Interstate Agreement on Detainers (IAD). See Resp. Ex. 1 at 57; see also Transcript, Resp. Ex. 1 at 86-88 (prosecutor explains that motions filed by petitioner and defense counsel did not meet requirements of IAD).

On October 1, 2009, the trial court held a hearing on petitioner's motions to dismiss and, on October 7, 2009, denied the motions. Resp. Ex. 1 at 77-82. The court first noted that the UMDDL, the statutory basis for petitioner's motions, applies only to persons confined in a Missouri Department of Corrections facility. See Mo.Rev.Stat. § 217.450. Petitioner was confined in a federal facility in Kentucky and thus was required to comply with the requirements of the Interstate Agreement on Detainers (IAD), Mo.Rev.Stat. §§ 217.490 *et seq*. After setting forth the requirements of the IAD, the court rejected petitioner's contention that his motion under the UMDDL substantially satisfied those requirements. Resp. Ex. 1 at 80-81; see § 217.490 (prisoner to forward request to custodial official, who must provide a certificate setting forth the term of commitment, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner).

---

[2] The prosecutor sought a continuance on June 29, 2009, stating that the federal facility would not release petitioner for transport. Resp. Ex. 1 at 56. Apparently, the facility was quarantined due to an outbreak of H1N1 flu. See Memorandum dated July 31, 2009, Resp. Ex. 1 at 68 (quarantine in place until August 9, 2009).

The trial court also rejected petitioner's argument that the delay in bringing him to trial had violated his rights to a speedy trial under the Sixth Amendment to the United States Constitution and Art. I, § 18(a) of the Missouri Constitution. The court noted that the Missouri courts applied the test set forth in Barker v. Wingo, 407 U.S. 514 (1972), which requires the courts to balance four factors: (1) the length of the delay; (2) the reasons for the delay; (3) defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. The trial court rejected petitioner's speedy trial claims, "find[ing] it significant that defendant did not assert his speedy trial rights until February 2009, that defendant did not want his cases tried until the federal charge had been disposed in in August 2008,[3] and defendant made no showing of prejudice to any potential defenses at trial due to lost witnesses or spoliation of evidence." Resp. Ex. 1 at 82.

On appeal, petitioner asserted that the trial court erred in denying his motion to dismiss under the IAD "and his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Art. I, § 10 plaintiff the Missouri Constitution, because the trial court was without jurisdiction" once the 180 days expired. The Missouri Court of Appeals affirmed the trial court's denial of petitioner's motion to dismiss under the IAD, but did not address petitioner's due process claim.

Petitioner is not entitled to habeas relief on his claim under the IAD because "[t]he rights and protections created by the IAD are statutory rights, not fundamental or constitutional in nature." State v. Vinson, 182 S.W.3d 709, 711

---

[3] In June 2008, petitioner asked the court to continue his state case until after he was sentenced in federal court. See Transcript, Resp. Ex. 1 at 94 (if federal case is disposed of first, state sentence could be run concurrent to federal sentence; but, if state case is disposed of first, the sentence runs consecutive to any federal sentence).

8

(Mo. Ct. App. 2006). "A violation of Missouri's speedy trial law, without more, is not cognizable in habeas and does not justify relief under § 2254." Poe v. Caspari, 39 F.3d 204 (8th Cir. 1994). "The question of whether the state violated its own speedy trial statute is a matter for the state courts." Matthews v. Lockhart, 726 F.2d 394, 396 (8th Cir. 1984). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." Cole v. Roper, No. 4:10-CV-197 CEJ, 2013 WL 398755, at *2 (E.D. Mo. Feb. 1, 2013) (citing Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)). The fact that in his brief to the Missouri Court of Appeals petitioner included a conclusory statement that the violation of § 217.490 was also a violation of his due process rights is not enough to transform his IAD claim into a constitutional claim appropriate for federal review. Id. Finally, petitioner presented a Sixth Amendment speedy-trial claim to the trial court, but he did not reassert the claim on appeal. Thus, federal review of any such claim, if asserted here, is procedurally barred.

### Grounds 3 and 4: Ineffective Assistance of Counsel

Petitioner claims that trial counsel was ineffective for failing to file a demand for speedy trial pursuant to the IAD and for failing to request a jury instruction on receiving stolen property.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to establish prejudice,

petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Paulson v. Newton Corr. Facility, Warden, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted) ("Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome.")

"Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster, –––U.S. –––, 131 S. Ct. 1388, 1410 (2011)).

> First, under Strickland, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. Strickland, 466 U.S. at 696. . . To satisfy Strickland, the likelihood of a different result must be "substantial, not just conceivable." Id. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect. Harrington v. Richter, ––– U.S. –––, 131 S. Ct. 770, 792, 785 (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 786.

Id. at 831-32.

Petitioner asserts that he received ineffective assistance of counsel because his lawyer filed a speedy trial motion under the UMDDL, rather than the IAD. He argues that if defense counsel had filed the proper motion the trial court would have been forced to dismiss the charges against him because he was not brought to trial within 180 days of the demand. The state courts held that petitioner could not

establish that he was prejudiced by counsel's error. Petitioner's claim is "based on the assumption that if a proper IAD request had been made, the court and the prosecutor would not have complied with it, and when [he] filed his motion to dismiss, his motion would have been granted." Vaughn v. State, Resp. Ex. 6 at 4. The courts further found that nothing in the record supported that assumption. Id. These determinations by the state courts are not contrary to or an unreasonable application of Federal law and petitioner's third ground for relief will be denied.

The jury was instructed on first-degree robbery and two lesser-included offenses of second-degree robbery and stealing. Petitioner argues that his counsel should have requested an additional instruction on the offense of receiving stolen property. At the time of petitioner's trial and appeal, Missouri state law provided that "[t]he failure to give a different lesser-included offense instruction is neither erroneous nor prejudicial when instructions for the greater offense and *one* lesser-included offense are given and the defendant is found guilty of the greater offense." State v. Johnson, 284 S.W.3d 561, 575-576 (Mo. 2009)) (emphasis on original); but see State v. Jackson, 433 S.W.3d 390, 392 (Mo. 2014) (holding that, as a matter of statutory interpretation, trial court cannot refuse to give lesser-included offense instruction requested by defendant "when the lesser offense consists of a subset of the elements of the charged offense and the differential element (*i.e.*, the element required for the charged offense but not for the lesser offense) is one on which the state bears the burden of proof.") see also State v. Pierce, 433 S.W.3d 424, 430 (Mo. 2014) (companion case). Applying the rule then in effect, the Missouri Court of Appeals held that petitioner could not establish that he was prejudiced by counsel's failure to request an instruction on receiving stolen

11

property, because the jury was presented with instructions on two different lesser-included offenses.[4] Resp. Ex. 6 at 6. Petitioner cannot establish that this determination was either contrary to or an unreasonable application of established Federal law. See also Pitts v. Lockhart, 911 F.2d 109, 112 (8th Cir. 1990) (holding that "the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question"). Petitioner's fourth ground for relief will be denied.

## IV. Conclusion

For the reasons discussed above, the court concludes that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also failed to make a substantial showing of the denial of a constitutional right and the court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of December, 2015.

---

[4] It is also not clear that the offense of receiving stolen property is a lesser-included offense of first-degree robbery. See Anderson v. Luebbers, No. 4:04CV574 TIA, 2007 WL 2860061, at *8 (E.D. Mo. Sept. 25, 2007) (comparing elements of first-degree robbery and receiving stolen property).